# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK,[1] HAIGHT, and ALMANZA
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JOSH P. BERGERON**
**United States Army, Appellant**

ARMY 20130170

Headquarters, Fort Carson
Timothy Grammel, Military Judge
Colonel John S.T. Irgens, Staff Judge Advocate (pretrial and recommendation)
Lieutenant Colonel Stephanie D. Sanderson, Staff Judge Advocate (addendum)

For Appellant: Colonel Kevin Boyle, JA; Major Yolanda McCray Jones, JA; Captain Robert H. Meek III, JA (on brief).

For Appellee: Major A.G. Courie III, JA; Major Steven J. Collins, JA (on brief).

24 August 2015

--------------------------------
SUMMARY DISPOSITION
--------------------------------

ALMANZA, Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of six specifications of failure to repair, six specifications of absence without leave, two specifications of willful disobedience of a superior noncommissioned officer, one specification of disrespect to a superior noncommissioned officer, two specifications of selling military property of a value more than $500.00, one specification of larceny of military property of a value more than $500.00, and one specification of housebreaking, in violation of Articles 86, 91, 108, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 908, 921, and 930 (2006; 2012) [hereinafter UCMJ].[2] The convening authority approved

---

[1] Senior Judge Cook took action in this case before his retirement.

[2] The accused pleaded not guilty to one specification of disrespect to a superior noncommissioned officer, in violation of Article 91, UCMJ. This specification was dismissed by the military judge after pleas and before findings.

the adjudged sentence of a bad-conduct discharge, confinement for eighteen months, and forfeiture of all pay and allowances.  Appellant was credited with 188 days against the sentence to confinement.

This case is before us pursuant to Article 66, UCMJ.  Appellant raises two assignments of error; the first merits discussion and relief, while the second is moot to the extent it is not meritless.[3]  Appellant also raises several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); all of which merit neither discussion nor relief.

## BACKGROUND

Appellant's trial concluded on 25 February 2013.  The record of trial was authenticated by the military judge on 7 May 2013.  The staff judge advocate signed his post-trial recommendation on 15 May 2013 and appellant submitted his post-trial matters pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105 on 28 August 2013.[4]  Action was taken by the convening authority on 19 September 2013.  However, the case was not docketed with this court until 13 January 2014, 322 days after appellant's trial was completed and almost four months after the convening authority's action.

Citing a memorandum[5] submitted to this court by the Fort Carson Chief of Military Justice, the government states the post-trial processing delay in this case is due to several factors, including: (1) the receipt of R.C.M. 1105 submissions in three other cases within the same month, September 2013, that the government was preparing this case for action by the convening authority; (2) the receipt of five additional RCM 1105 submissions between 24 September and 8 October 2013; and

---

[3] Appellant's second assignment of error is that the record of trial is incomplete as it lacks assumption of command orders for the convening authority who signed the action, and that he signed it as the "Senior Commander," a position not recognized by Rule for Courts-Martial 1107(a).  To the extent this assignment of error states the record of trial is incomplete, it is moot because the government has submitted the appropriate assumption of command orders.  *See* Government Appellate Exhibit 2.  To the extent this assignment of error states the convening authority signed the action using the improper title, it is without merit.

[4] Appellant's counsel originally submitted his R.C.M. 1105 matters via memorandum dated 22 July 2013.  That memorandum, however, listed two enclosures, neither of which were attached to the memorandum.  When asked if he would be submitting the enclosures, on 28 August 2013 appellant's counsel stated via email that the clemency request should be submitted "as is," *i.e.*, without the two enclosures.

[5] Government Appellate Exhibit 1.

(3) the effects of the October 2013 government shutdown, which caused the government's post-trial specialist to be out of the office from 1 October to 4 October 2013.

## LAW AND DISCUSSION

Appellant's first assigned error states:

> WHETHER THE EXCESSIVE POST-TRIAL DELAY IN THE GOVERNMENT'S PROCESSING OF APPELLANT'S COURT-MARTIAL RECORD WARRANTS GRANTING APPELLANT RELIEF UNDER *UNITED STATES V. BAUERBACH*.

In *United States v. Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. 129, 142-43 (C.A.A.F. 2006). Specifically, the record of trial should be docketed with this court within thirty days of the convening authority's action. *Id.*[6] Failure to satisfy any of these standards creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated by the delays. *Moreno*, 63 M.J. at 142.

The delay of 119 days between the convening authority's action and the docketing of this case with this court is presumptively unreasonable. *Id*. In the face of this lengthy delay, our next step is to apply and balance the four factors set out in *Barker*, in order to determine whether appellant's due process rights were violated. *Id.* at 136.

As for the first factor, the length of the delay, 119 days far exceeds the 30-day presumption of unreasonableness. *Id.* at 142. This factor thus favors appellant. As for the second factor, reasons for the delay, the government's explanation is insufficient to overcome the presumption. *Id.* at 136. The convening authority signed the action on 19 September 2013 and this case was docketed with this court on 13 January 2014. The stated reasons for the delay in Government Appellate Exhibit 1 concern only the months of September and October 2013. Even fully crediting the government's explanation, the delay between the convening authority's action and the docketing of this case with this court is far more than *Moreno's*

---

[6] We need not address two other standards—processing time from trial to convening authority action and timeliness of appellate review before this court—because any issues related to them merit neither discussion nor relief in appellant's case. *Moreno*, 63 M.J. at 142-43.

3

standard of 30 days.  Accordingly, despite the government's explanation, the second factor favors appellant.

We find the third factor, assertion of the right to speedy post-trial processing, cannot be practically applied to a delay between the convening authority's action and the docketing of a case with this court.  *Id*. at 138.  As we stated in *United States v. Rohrer*, ARMY 20120526, 2014 CCA LEXIS 583, *4 (Army Ct. Crim. App. 31 July 2014) (summ. disp.), "we are unable to envision how or why appellant or his attorney would have had any reason or responsibility to continue monitoring the government's progress in mailing the record of trial to this court once action was completed."  As a result, this factor simply does not apply to the facts of this case.

We find the final *Barker* factor, prejudice, does not favor appellant.  *Id*. at 138-41.  Appellant has neither alleged nor established any prejudice before this court as a result of the government's delay in docketing his case with this court. Moreover, after reviewing the three prejudice sub-factors[7] found in *Moreno*, we also find no prejudice.

In cases where there is no finding of *Barker* prejudice, however, we can still find a due process violation when "the delay was so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system."  *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).  Taking 119 days to send this court a three volume record of trial has that harmful effect.  Thus, we will grant relief in our decretal paragraph.

## CONCLUSION

The findings of guilty are AFFIRMED.  After considering the entire record, the court AFFIRMS only so much of the approved sentence as provides for a bad-conduct discharge and confinement for seventeen (17) months.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored.  *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge HAIGHT concur.

---

[7] (1) Oppressive incarceration pending appeal; (2) Particularized anxiety and concern; and (3) Impairment of ability to present a defense at rehearing.  *Id*. at 138-41.

4



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court